1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10   PROMEDEV, LLC,                          CASE NO. C22-1063JLR

11                          Plaintiff,        SHOW CAUSE ORDER

12          v.

13   ROBY WILSON, et al.,

14                          Defendants.

15          Before the court is Plaintiff Promedev, LLC's ("Promedev") complaint.  (Compl.

16   (Dkt. # 1).)  Having reviewed the complaint, the court finds that Promedev has failed to

17   allege an adequate basis for subject matter jurisdiction.  The court therefore orders

18   Promedev to serve and file a submission that includes information sufficient to establish

19   the court's jurisdiction by August 10, 2022.

20          Promedev asserts that the court's jurisdiction is based on diversity of citizenship.

21   (Compl. at 2.)  For purposes of assessing diversity jurisdiction, the court must consider

22   the domicile of all members of a limited liability company.  *Johnson v. Columbia Props.*

1    *Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006); *see also* Local Rules W.D. Wash.

2    LCR 8(a) ("If plaintiff is asserting that this court has jurisdiction based on diversity, the

3    compliant must identify the citizenship of the parties, and, if any of the parties is a limited

4    liability corporation (LLC) . . . identify the citizenship of the . . . members of those

5    entities to establish the court's jurisdiction.").  With respect to Defendants Roby Wilson,

6    MaXXiMedia Advertising, Co. ("MaXXiMedia"), and Imagipix Corporation

7    ("Imagipix") (collectively, "Defendants"), Promedev alleges that:  (1) Mr. Wilson "is a

8    citizen of the State of Texas"; (2) MaXXiMedia "is a corporation incorporated under the

9    laws of the State of Texas, with its principal place of business in Spring, Texas"; and (3)

10   Imagipix "is a corporation incorporated under the laws of the State of Texas, with its

11   principal place of business in Spring, Texas."  (Compl. ¶¶ 2-4.)  Promedev further alleges

12   that it is "a limited liability company incorporated under the laws of the State of

13   Washington, with its principal place of business in Kirkland, Washington."  (*Id.* ¶ 1.)

14   Yet, Promedev fails to allege the citizenship of any of its members.  (*See generally id.*)

15   Absent such allegations, the court cannot determine if Promedev has properly invoked

16   this court's subject matter jurisdiction on the basis of the parties' diversity of citizenship.[1]

17

18

---

19   [1] The court notes that if any member of Promedev is itself a limited liability company,
     Promedev must provide information about the citizenship of the members of those limited
20   liability companies as well, which is determined in the same manner described above—namely,
     by establishing the citizenship of each member.  *See Johnson*, 437 F.3d at 899 (examining the
21   citizenship of a limited partnership whose partners included limited liability companies by
     looking to the citizenship of the members of those limited liability companies).  This process
22   continues until every layer of limited liability company membership has been reduced to the
     citizenship of its individual members.

1    Accordingly, the court ORDERS Promedev to show cause why this case should

2  not be dismissed for lack of federal subject matter jurisdiction.  If Promedev fails to

3  provide the court with the information described above by August 10, 2022, the court will

4  dismiss this case.

5    Dated this 3rd day of August, 2022.

6

7

8    JAMES L. ROBART
     United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

SHOW CAUSE ORDER - 3