UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PROMEDEV, LLC,<br><br>               Plaintiff,<br>   v.<br><br>ROBY WILSON, et al.,<br><br>               Defendants. | CASE NO. C22-1063JLR<br><br>SHOW CAUSE ORDER |

Before the court is Plaintiff Promedev, LLC's motion for summary judgment. (Mot. (Dkt. # 72); Reply (Dkt. # 84).) Defendants Roby Wilson, MaXXiMedia Advertising Co., and Imagipix Corporation (together, "Defendants") oppose the motion. (Resp. (Dkt. # 81).) The court issues the following show cause order regarding Defendants' claim for copyright infringement.

Promedev moves for summary judgment on Defendants' claim for copyright infringement. (Mot. at 7-15.) Defendants argue that Promedev's motion ignores "well over a hundred advertisements created." (Resp. at 8.) The court requires clarification.

ORDER - 1

To establish a claim for copyright infringement, "two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). To satisfy the first element, the claimant must have a valid copyright registration. 17 U.S.C. § 411(a); *Fourth Est. Pub. Benefit Corp. v. Wall-Street.com, LLC*, 586 U.S. ---, 139 S. Ct. 881, 886 (2019) ("Before pursuing an infringement claim in court, . . . a copyright claimant generally must comply with §411(a)'s requirement that 'registration of the copyright claim has been made.'" (quoting 17 U.S.C. § 411)); *see also Douglas v. Warner Bros. Film*, No. 2:23-cv-02320-TLN-CKD (PS), 2023 WL 7305275, at *2 (E.D. Cal. Nov. 6, 2023) (holding that the plaintiff failed to state a copyright infringement claim because he did not allege that he "own[ed] any copyrighted material that ha[d] been registered").

Defendants' counterclaims list eight copyright registrations covering Promedev commercials. (*See* Counterclaims (Dkt. # 25) ¶ 52.) Yet Defendants now suggest that Promedev has infringed "well over a hundred advertisements" without citing a single copyright registration. (Resp. at 8. *See generally id.*) Federal Rule of Civil Procedure 56(f)(2) provides that the court may, "after giving notice and a reasonable time to respond . . . grant the motion on grounds not raised by a party[.]" Fed. R. Civ. P. 56(f). Thus, the court ORDERS Defendants to show cause why their claim for copyright infringement should not be dismissed in its entirety for failure to identify the registered copyrights Promedev allegedly infringed. In particular, the court ORDERS Defendants to provide evidence of the following:

1. The copyright registration numbers of all advertisements Promedev allegedly infringed;
2. The date of each copyright registration;
3. The date(s) Promedev allegedly infringed each copyright; and
4. The platform and/or channel on which Promedev aired each allegedly infringing advertisement (e.g., Facebook, YouTube, television (via Fox News)).

Defendants must do so by no later than **8 a.m. PDT on Thursday, March 28, 2024**. Failure to comply with this order will result in the court granting summary judgment on Defendants' copyright infringement claim and dismissing that claim with prejudice. *See* Fed. R. Civ. P. 56(f).

Dated this 26th day of March, 2024.

JAMES L. ROBART
United States District Judge