1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT
                          WESTERN DISTRICT OF WASHINGTON
                                     AT SEATTLE

9

10    PROMEDEV, LLC,                          CASE NO. C22-1063JLR

11                      Plaintiff,            ORDER

                v.
12

13    ROBY WILSON, et al.,

14                      Defendants.

15                           I.    INTRODUCTION

16        On April 1, 2024, the court ordered Defendants / Counterclaimants Roby Wilson,

17   MaXXiMedia Advertising Co., and Imagipix Corporation (collectively, "Defendants")

18   and their attorneys to show cause why the court should not issue Rule 11 sanctions based

19   on Defendants' pursuit of an excessively broad copyright infringement claim.  (4/1/24

20   Order (Dkt. # 93) at 27-28.)  Defendants timely filed a response to the court's show cause

21   order.  (4/8/24 OSC Resp. (Dkt. # 97).)  With the court's permission, Promedev also filed

22   a brief on the issue.  (*See* 4/8/24 Order (Dkt. # 104); Promedev Br. (Dkt. # 108).)  The

ORDER - 1

1   court has considered the parties' submissions, the relevant portions of the record, and the

2   governing law.  Being fully advised,[1] the court issues Rule 11 sanctions against

3   Defendants' attorneys.

4   ## II.   BACKGROUND

5   Defendants produced and placed commercials for Plaintiff / Counter-Defendant

6   Promedev, LLC ("Promedev").  (4/1/24 Order at 2.)  Promedev initiated this lawsuit after

7   the parties' relationship soured (*see generally* Compl. (Dkt. # 1)), and Defendants filed

8   several counterclaims, including a claim for copyright infringement (*see* Counterclaims

9   (Dkt. # 25) at 11-14).  Defendants alleged that they owned eight registered copyrights and

10   that Promedev had infringed Defendants' copyrighted commercials from 2018 through

11   the present.  (*See* Counterclaims ¶¶ 42, 52, 59.)

12   On January 6, 2023, Promedev filed a motion to strike certain paragraphs in

13   Defendants' counterclaims because it suspected that Defendants' copyright infringement

14   claim extended beyond infringement of the eight registered works.  (*See* Mot. to Strike

15   (Dkt. # 26) at 3 (discussing "MaXXiMedia's improper attempt at circumventing the

16   explicit statutory requirements of the Copyright Act that creative works be properly

17   registered with the U.S. Copyright Office prior to initiating an enforcement action").)

18   Defendants countered that Supreme Court precedent "expressly allow[ed]" them to

19   pursue claims for unregistered works under 17 U.S.C. § 106A.  (MTS Resp. (Dkt. # 34)

20   at 4 (citing *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 165 (2010)).)  The court,

21

22   _____

[1]  The court concludes that oral argument would not assist with its disposition of this
issue.

ORDER - 2

1    "declin[ing] to adjudicate the merits of MaXXiMedia's amended counterclaim for

2    copyright infringement on a motion to strike," allowed the parties to "raise their

3    arguments regarding the availability of copyright infringement actions for unregistered

4    works at a later time." (3/2/23 Order (Dkt. # 40) at 20 & n.6.)

5        Defendants' continued pursuit of their broad copyright infringement claim soon

6    led to a discovery dispute. (*See generally* 7/10/23 Min. Entry (Dkt. # 50).) On July 10,

7    2023, the court ordered Defendants to identify the works they claimed were subject to

8    copyright protection. (*Id.*) In response, Defendants provided a list of 132 different

9    commercials that "MaXXiMedia believes have been infringed." (2/8/24 Rainwater Decl.

10    (Dkt. # 73) ¶ 2, Ex. A at 22-27.) Defendants continued arguing that Promedev infringed

11    all of these commercials through summary judgment. (*See, e.g.*, MSJ Resp. (Dkt. # 81) at

12    8 ("Promedev attempts to refute MaXXiMedia's infringement claim . . . while ignoring

13    well over a hundred advertisements created in total.").)

14        On March 26, 2024, the court ordered Defendants to show cause why their

15    copyright infringement claim should not be dismissed for failure to demonstrate that they

16    had registered their copyrights before filing suit. *See* 17 U.S.C. § 411(a) ("Except for an

17    action brought for a violation of the rights of the author under section 106A(a), . . . no

18    civil action for infringement of the copyright in any United States work shall be instituted

19    until preregistration or registration of the copyright claim has been made in accordance

20    with this title."); *Fourth Est. Pub. Benefit Corp. v. Wall-Street.com, LLC*, 586 U.S. ---,

21    139 S. Ct. 881, 886 (2019) (stating that copyright registration "is akin to an

22    //

1   administrative exhaustion requirement that the owner must satisfy before suing to enforce

2   ownership rights").

3         Despite having pursued a claim for infringement of 132 copyrighted commercials

4   throughout this litigation, Defendants finally acknowledged in their response that they

5   lacked registrations for all but the eight commercials identified in their counterclaims.

6   (*See* 3/27/24 OSC Resp. (Dkt. # 91) at 1-2.)  Moreover, Defendants appeared to narrow

7   their infringement allegations, focusing solely on Promedev's alleged infringement from

8   July 1, 2022 to August 28, 2022.  (*See generally id.*)  Defendants' response came as a

9   "surprise[]" to Promedev, which "[i]n reliance on Maxximedia's response, whereby

10  Maxximedia identified 132 ads Promedev allegedly infringed upon, . . . spent countless

11  hours over many months in discovery trying to pin down and address such alleged

12  infringement for those ads."  (3/28/24 Rainwater Email (Dkt. # 100-1).)

13        The court found that Defendants' "continued assertion" of 124 unregistered

14  copyrights amounted to "bad faith litigation" and ordered Defendants and their attorneys

15  to show cause why the court should not issue Rule 11 sanctions.  (4/1/24 Order at 26-28);

16  *see* Fed. R. Civ. P. 11(c)(3).  The court now finds that such sanctions should be imposed

17  against Defendants' attorneys.

18                        **III.   ANALYSIS**

19  **A.   Legal Standard**

20        Courts may issue sanctions for violations of Federal Rule of Civil Procedure

21  11(b).  Rule 11(b) provides that

22  //

1

2

3

> [b]y presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

4

5

> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

6

7

> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

8

9

> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

10

11

> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

12

Fed. R. Civ. P. 11(b); *see also Amwest Mortg. Corp. v. Grady*, 925 F.2d 1162, 1164 (9th

13

Cir. 1991) ("Rule 11 sanctions should be applied if a competent attorney, after reasonable

14

inquiry, would not have a good faith belief in the merit of a legal argument.").

15

Before imposing sanctions, the court must adhere to the requirements set forth in

16

Rule 11(c).  An attorney, law firm, or party must be given "notice and a reasonable

17

opportunity to respond" before the court issues Rule 11 sanctions.  Fed. R. Civ. P.

18

11(c)(1).  This requirement may be satisfied by an order "to show cause why conduct

19

specifically described in the order has not violated Rule 11(b)."  Fed. R. Civ. P. 11(c)(3).

20

If the court chooses to issue sanctions, such sanctions "must be limited to what suffices to

21

deter repetition of the conduct or comparable conduct by others similarly situated."  Fed.

22

R. Civ. P. 11(c)(4).  Moreover, the court "must not impose a monetary sanction" "against

1  a represented party for violating Rule 11(b)(2)" or "on its own, unless it issued the

2  show-cause order under Rule 11(c)(3) before voluntary dismissal or settlement of the

3  claims." Fed. R. Civ. P. 11(c)(5). "An order imposing a sanction must describe the

4  sanctioned conduct and explain the basis for the sanction." Fed. R. Civ. P. 11(c)(6).

5  "Absent exceptional circumstances, a law firm must be held jointly responsible for a

6  violation committed by its partner, associate, or employee." Fed. R. Civ. P. 11(c)(1).

7  **B.      Rule 11(b) Sanctions**

8          On April 1, 2024, the court, "[p]ursuant to Federal Rule of Civil Procedure

9  11(c)(3)," "order[ed] Defendants and their attorneys to show cause why sanctions should

10  not issue for violations of Rule 11(b)." (4/1/24 Order at 27.) The court instructed

11  Defendants and their attorneys to "explain (1) the proper purpose behind their sweeping

12  copyright infringement claim, (2) why that claim was warranted by existing law or by a

13  nonfrivolous argument for extending, modifying, or reversing existing law, and (3) the

14  evidentiary support behind their factual contentions surrounding the breadth of their

15  copyright portfolio." (*Id.* at 27-28 (citing Fed. R. Civ. P. 11(b)).)

16          Rather than explain the legitimate bases for their claim, Defendants chose to

17  blame Promedev for their error. (*See* 4/8/24 OSC Resp at 17 ("Because MaXXiMedia

18  was stonewalled throughout the discovery process, it was unable to establish which ads

19  were placed without its knowledge or consent; only that a large number of ads were

20  indeed placed as such.").) It is now clear that Defendants, in an effort to save money on

21  registration fees, intended to turn the discovery process into a fishing expedition. (*See id.*

22  at 16 ("Had MaXXiMedia discovered that any additional specific creative works [were]

1   placed without its knowledge or approval, upon identifying the creative works

2   MaXXiMedia would have registered the same in order to further pursue its claims."); *id.*

3   at 6 (stating that "MaXXiMedia faced the choice" of spending thousands on copyright

4   registrations "or conducting discovery and tailoring its claims accordingly").)

5          Defendants' tactics did not comply with the law.  A party asserting copyright

6   infringement may not sue now and register later.  *See Fourth Estate*, 139 S. Ct. at 892

7   ("[T]he average processing time for registration applications is currently seven months,

8   leaving ample time to sue after the Register's decision, even for infringement that began

9   before submission of an application.").  The Supreme Court could not have been clearer

10  in holding that copyright claimants "must comply" with Section 411(a) "[b]efore

11  pursuing an infringement claim in court."  *Id.* at 887.

12         In their response to Promedev's motion to strike, Defendants cited 17 U.S.C.

13  § 106A for the principle that they need not register their copyrights before filing suit.

14  (*See* MTS Resp. at 4.)  That statute, however, does not apply to Defendants' commercial

15  advertisements.  Although Section 106A provides a limited exception to the registration

16  requirement for "work[s] of visual art," 17 U.S.C. § 106A(a), the Copyright Act

17  explicitly excludes "motion picture[s] or other audiovisual work[s]" from the definition

18  of a "work of visual art," 17 U.S.C. § 101.  As another court considering this issue

19  already determined, "[t]he [claimant's] videos are thus subject to the general rule

20  requiring registration of copyrighted works as a prerequisite to filing suit for

21  infringement."  *Scott v. Carlson*, No. 2:17CV10011, 2017 WL 3599249, at *2 (W.D. Va.

22  Aug. 21, 2017).

1    There is no excuse for Defendants' prolonged assertion of 124 unregistered

2    copyrights.  The court finds that Defendants' attorneys have violated Rule 11(b)(2).[2]

3    Assertion of the unregistered works was not warranted by existing law or by a

4    nonfrivolous argument for extending, modifying, or reversing existing law or for

5    establishing new law.[3]  Defendants' attorneys should have realized this over a year ago

6    when Promedev raised the issue in its motion to strike.  (*See* Mot. to Strike at 3.)  Instead,

7    they marched onward, arguing that Promedev's "attempts to refute MaXXiMedia's

8    infringement claim . . . ignore[ed] well over a hundred advertisements created in total."

9    (MSJ Resp. at 8.)  This court does not issue sanctions lightly, but this is an extraordinary

10   case involving conduct so egregious as to necessitate sanctions.

11       The court finds that a monetary sanction equal to the cost of registering the 124

12   unregistered copyrights is no greater than necessary to deter repetition of this conduct or

13   comparable conduct by others similarly situated.  *See* Fed. R. Civ. P. 11(c)(4).

14   Defendants have "request[ed] that the Court take judicial notice of the U.S. Copyright

15   Office's application fees (Texas forms noted at $125 per registration)."  (4/8/24 OSC

16   Resp. at 6 n. 26.)  The court does so and issues a fee of $125 for each of the 124 works,

17   resulting in a monetary sanction of $15,500.

18   //

19

20   [2]  To be clear, the court does not issue sanctions against Defendants, but rather their attorneys.

21   [3]  Although the precise issue in *Fourth Estate* concerned whether "registration . . . has been made" under Section 411(a) when the copyright owner submits the application materials or only after the Copyright Office grants registration, 139 S. Ct. at 888, Defendants did not even
22   take the initial step of submitting applications for the 124 advertisements.

ORDER - 8

1

## IV.   CONCLUSION

2      For the foregoing reasons, the court issues Rule 11 sanctions against Defendants'

3   attorneys.  Defendants' attorneys are ORDERED to pay a fine of $15,500 by no later than

4   **April 26, 2024**.  The check shall be made payable to the "Clerk, U.S. District Court."

5   Defendants' attorneys shall file a certificate of compliance with this order by no later than

6   **May 3, 2024**.

7      Dated this 11th day of April, 2024.

8

JAMES L. ROBART
9                                       United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

ORDER - 9