1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10    PROMEDEV, LLC,                           CASE NO. C22-1063JLR

11                          Plaintiff,          ORDER

12          v.

13    ROBY WILSON, et al.,

14                          Defendants.

15                          **I.    INTRODUCTION**

16          Before the court is Plaintiff / Counter-Defendant Promedev, LLC's ("Promedev")

17    motion for reconsideration of the court's April 1, 2024 order.  (Mot. (Dkt. # 94); *see*

18    4/1/24 Order (Dkt. # 93).)  The court ordered Defendants / Counterclaimants Roby

19    Wilson, MaXXiMedia Advertising Co. ("MaXXiMedia"), and Imagipix Corporation

20    (collectively, "Defendants") to respond to Promedev's motion, and they timely did so.

21    (*See* 4/4/24 Order (Dkt. # 95); Resp. (Dkt. # 102).)  The court also permitted Promedev to

22    file a reply brief, which it did.  (Reply (Dkt. # 107).)  The court has considered the

1    parties' submissions, the relevant portions of the record, and the governing law.  Being

2    fully advised,[1] the court GRANTS Promedev's motion for reconsideration.

3                            **II.    BACKGROUND**

4            On April 1, 2024, the court granted in part and denied in part Promedev's motion

5    for summary judgment on Defendants' counterclaims.  (*See generally* 1/4/24 Order;

6    Counterclaims (Dkt. # 25).)  Relevant here, Defendants had brought a counterclaim for

7    breach of contract based on several alleged breaches of the parties' July 31, 2020

8    agreement.  (*See* Counterclaims ¶ 31.  *See generally* 1/18/24 Wilson Decl. (Dkt. # 58)

9    ¶ 8, Ex. A (agreement).)  Although the court found that Promedev was entitled to

10   summary judgment on most of Defendants' breach of contract theories, the court found

11   that a genuine dispute of material fact existed as to whether Promedev breached the

12   agreement's confidentiality clause by disclosing rates MaXXiMedia had negotiated on its

13   behalf with Fox News to non-party Eicoff.  (4/1/24 Order at 20-21 (finding that a

14   reasonable jury could conclude that Promedev breached paragraph 7 of the agreement).)

15          In its present motion, Promedev argues that the court should have granted its

16   motion for summary judgment in full because Defendants have set forth no evidence that

17   they suffered damages for Promedev's alleged breach of the confidentiality clause.  (Mot.

18   at 5-6; *see also* Pl. MSJ (Dkt. # 72) at 20 (arguing, in a section responding to Defendants'

19   //

20   //

21   _____

         [1] Neither party requests oral argument (*see* Mot. at 1; Resp. at 1), and the court
22   concludes that oral argument would not assist with its disposition of Promedev's motion, *see*
     Local Rules W.D. Wash. LCR 7(b)(4).

1   claim for trade secret misappropriation, that "Maxximedia has not identified any damages

2   caused by Promedev's disclosure of the Fox rates").)

3       The court ordered Defendants to respond to Promedev's motion, directing them to

4   "provid[e] evidence of damages caused by Promedev's alleged breach of the

5   Agreement's confidentiality provision."  (4/4/24 Order at 2); *see also* Local Rules W.D.

6   Wash. LCR 7(h) (governing motions for reconsideration).  Defendants timely responded

7   (*see generally* Resp.), and Promedev chose to file an optional reply brief (*see generally*

8   Reply).  The court sets forth the relevant legal standard before turning to Promedev's

9   motion.

10              **III.    ANALYSIS**

11  **A.    Legal Standard**

12      "Motions for reconsideration are disfavored."  Local Rules W.D. Wash. LCR

13  7(h)(1).  Such motions require a showing of "manifest error in the prior ruling or . . . new

14  facts or legal authority which could not have been brought to [the court's] attention

15  earlier with reasonable diligence."  Reconsideration is an "extraordinary remedy, to be

16  used sparingly in the interests of finality and conservation of judicial resources."  *Kona*

17  *Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).  "Whether or not to

18  grant reconsideration is committed to the sound discretion of the court."  *Navajo Nation*

19  *v. Confederated Tribes & Bands of the Yakima Indian Nation*, 331 F.3d 1041, 1046 (9th

20  Cir. 2003).

21  //

22  //

ORDER - 3

1    **B.      Promedev's Motion for Reconsideration**

2           Promedev argues that the court should have granted its motion for summary

3    judgment on Defendants' breach of contract claim premised on its disclosure of billing

4    rates to Eicoff because Defendants have produced no evidence of damages.  (Mot. at

5    1-2.)  Defendants argue that "[t]here is no question that MaXXiMedia was harmed and

6    Promedev benefited from Promedev's wrongful disclosure" but do not provide evidence

7    of damages.  (Resp. at 5.)  Instead, Defendants aver that "[e]ven if the damages amount is

8    nominal, a trier of fact may find that disclosure of the rates MaXXiMedia built over

9    several decades in the media business have inherent value."  (*Id.* at 4.)  Alternatively,

10   Defendants argue that they should be allowed to pursue unjust enrichment as a remedy

11   for Promedev's alleged breach.  (*Id.* at 5.)  The court agrees with Promedev that there is

12   no genuine dispute of material fact that Defendants suffered no harm as a result of

13   Promedev's alleged breach.

14          Damages are an essential element of a breach of contract claim.  *See Nw. Indep.*

15   *Forest Mfrs. v. Dep't of Lab. & Indus.*, 899 P.2d 6, 9 (Wash. Ct. App. 1995) (listing

16   breach of contract elements).  In Washington, "a court may dismiss a breach of contract

17   action if damages have not been suffered."  *DC Farms, LLC v. Conagra Foods Lamb*

18   *Weston, Inc.*, 317 P.3d 543, 553 (Wash. Ct. App. 2014).  "Mere proof that there was a

19   breach of contract without more will not support a verdict in favor of a [claimant], even

20   for nominal damages."  *Id.*  This has been the law for over a century.  *See Hewson v.*

21   *Peterman Mfg. Co.*, 136 P. 1158, 1160 (Wash. 1913) ("[T]he law 'does not concern itself

22   with trifles.'  The case will not be retained for the purpose of determining the question of

nominal damages." (citation omitted) (quoting *Matzger v. Page*, 113 P. 254, 255 (Wash. 1911))).

In response to Promedev's motion, the court ordered Defendants to produce evidence of harm (4/4/24 Order at 2), but Defendants failed to do so (*see generally* Resp.). The only evidence in the record addressing any such harm suggests that MaXXiMedia suffered no damages from the disclosure. At deposition, Mr. Wilson testified that MaXXiMedia was not "aware of any harm that has come to its business for the disclosure of billing rates that it alleges in this lawsuit." (2/8/24 Rainwater Decl. (Dkt. # 73) ¶ 3, Ex. B at 264:6-9.) Mr. Wilson further testified that it "would be up to an expert to determine the damages." (*Id.* at 264:4-5.) But Defendants' damages expert did not "make any damages determination [concerning the] alleged breach in connection with Eicoff." (2/8/24 Rainwater Decl. ¶ 13, Ex. L at 72:19-21.) Indeed, the expert confirmed at deposition that he "ha[d] not seen any evidence of damages MaXXiMedia incurred . . . in connection with Eicoff." (*Id.* at 74:1-8.) The unrebutted evidence establishes that MaXXiMedia was not harmed by Promedev's alleged breach.

Defendants' argument concerning unjust enrichment as an alternative remedy fares no better because Defendants have likewise failed to present any evidence that Promedev benefited due to its breach. (*See generally* Resp.) The court shares the same question as Promedev: "What benefit did Promedev reap?" (Reply at 2.) Defendants assert that "[b]ut for its business relationship with MaXXiMedia, Promedev would not have known these rates or that it was possible to negotiate rates within that range for Fox News" (Resp. at 4), but that is pure speculation; Defendants' rates could have been better

or worse than Eicoff's.  Although Defendants explain that "Promedev's rates with Eicoff were not provided in discovery" (*id.*), that is no excuse; Defendants should have filed a motion to compel if they believed Promedev was withholding evidence necessary to put on their damages case.  The court will not permit Defendants to seek "disgorgement" of Promedev's profits from breach in the absence of any evidence that said profits exist. (*Id.* at 3); *see also* Restatement (Third) Restitution & Unjust Enrichment § 39 (Am. L. Inst. 2011) ("Profits from breach include saved expenditure and consequential gains that the defendant would not have realized but for the breach . . . .").

Having confirmed that Defendants lack evidence of damages—an essential element of their breach of contract claim—the court finds it necessary to correct its prior order.  Because the court now concludes that Promedev is entitled to judgment as a matter of law, the court exercises its discretion to grant Promedev's motion for reconsideration and therefore grants summary judgment to Promedev on Defendants' entire breach of contract claim.

## IV.    DUTY OF CANDOR

The court writes separately to address an issue it encountered with Defendants' opposition brief.  Defendants attribute the following quote to the Ninth Circuit:  "***The Ninth Circuit has held*** that unjust enrichment can satisfy the damages element of a breach of contract claim such that restitution or disgorgement is a proper remedy." (Resp. at 3 (emphasis added) ("quoting" *Friedman v. EyeLight, Inc.*, No. 22-56076, 2023 WL 8915417, at *3 (9th Cir. Dec. 27, 2023)).)  The court was unable to locate this quote in *Friedman*.  The *Friedman* Court actually stated:  "***California courts have recognized***

that unjust enrichment can satisfy the damages element of a breach of contract claim such

that restitution or disgorgement is a proper remedy." *Friedman*, 2023 WL 8915417, at *3

(emphasis added).  Defendants' misquotation of *Friedman* is not a benign mistake.  It

should go without saying that there is a material difference between "[t]he Ninth Circuit"

and "California courts," especially in the instant context where Washington law governs.

Defendants' attorneys owe a duty of candor to the court.  That duty requires them

to correctly state the law.  The court has already issued Rule 11 sanctions against

Defendants' attorneys.  (*See generally* 4/11/24 Order (Dkt. # 110).)  Should the court

locate any other material misstatements of the law in Defendants' future filings, the court

will not hesitate to issue another order to show cause as to why additional sanctions

should not be imposed.

## V.    CONCLUSION

For the foregoing reasons, the court GRANTS Promedev's motion for

reconsideration (Dkt. # 94).  The court GRANTS Promedev's motion for summary

judgment on Defendants' breach of contract claim and DISMISSES that claim with

prejudice.

Dated this 12th day of April, 2024.

JAMES L. ROBART
United States District Judge