UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PROMEDEV, LLC, | CASE NO. C22-1063JLR |
| Plaintiff, | ORDER |
| v. | |
| ROBY WILSON, et al., | |
| Defendants. | |

On April 1, 2024, the court ordered Plaintiff / Counter-Defendant Promedev, LLC ("Promedev") to show cause why the court should not grant summary judgment on its breach of contract claim to Defendants / Counterclaimants Roby Wilson, MaXXiMedia Advertising Co. ("MaXXiMedia"), and Imagipix Corporation (collectively, "Defendants"). (4/1/24 Order (Dkt. # 93) at 22.) Promedev timely responded. (Resp. (Dkt. # 96).) Based on Promedev's response, the court is satisfied that a reasonable jury could find that MaXXiMedia breached the parties' July 31, 2020 Agreement. (*See generally id.*; 1/18/24 Wilson Decl. (Dkt. # 58) ¶ 8, Ex. A ("Agreement").)

The court is not convinced, however, that Promedev's "elect[ion] to seek restitution for the commission payments it made to Maxximedia for the months of September-December 2022" is a valid remedy for Defendants' alleged breach of contract. (*See* Resp. at 4; *see also* Pl. MIL Resp. (Dkt. # 101) at 1 n.1 ("Promedev's claim for breach of contract seeks only restitution . . . .").) "Restitution" as an alternative remedy for breach of contract may take three forms: (1) recission for material breach; (2) performance-based damages; and (3) profit from opportunistic breach. Restatement (Third) Restitution & Unjust Enrichment §§ 37-39 (Am. L. Inst. 2011). Promedev's attempt to recoup commission payments it owed under the Agreement and paid after MaXXiMedia's alleged breach does not, in the court's view, fit neatly into any of these categories.

First, Promedev represented in its summary judgment briefing that it made those commission payments as part of its obligations under the Agreement, which provides that in the event of termination, Promedev "shall promptly pay all sums owed . . . including any future non-cancelable commitments after the termination date." (Agreement ¶ 13.) Promedev acknowledged that the "2022 ad buy . . . was non-cancellable" (Pl. MSJ (Dkt. # 72) at 2) but "paid" MaXXiMedia's commissions for the remainder of 2022 "early" (Pl. MSJ Reply (Dkt. # 84) at 3). The court relied on Promedev's representations in granting it summary judgment on Defendants' claim that Promedev breached the Agreement by failing to make payments for future media placement services. (*See* 4/1/24 Order at 14 ("The evidence establishes that Promedev paid MaXXiMedia's commissions for August through December 2022 on August 29, 2022, before the effective date of termination.").)

Second, Promedev made the commission payments after MaXXiMedia's alleged breach.  The court's show cause order directed Promedev to "provide evidence sufficient for a reasonable factfinder to conclude that . . . Defendants breached a duty under the Agreement" (4/1/24 Order at 22), and all of the evidence Promedev provided in response comes from July 2022 (*see* Resp. at 1-3).  Promedev made the relevant commission payments, however, on August 29, 2022.  (*See* 2/5/24 Wagner Decl. (Dkt. # 65) ¶ 20(d) ("On August 29, 2022, Promedev issued a check to Maxximedia . . . representing commission payments for the months of . . . September, October, November, and December 2022.").)  It therefore does not appear that Promedev "treat[ed] the contract as at an end and sue[d] for restitution."  (*See* Resp. at 4 (quoting *Scott v. Carr*, C20-0236RSM, 2021 WL 3788941, at *3 (W.D. Wash. Aug. 26, 2021)); *see also* Pl. MSJ at 9 ("Maxximedia acknowledged repeatedly that the Agreement's termination only became effective after August 31, 2022.").)

The court has been unable to locate a single case in any jurisdiction in which a court awarded the sort of restitution Promedev seeks—that is, restitution for funds (1) paid in accordance with a contract (2) after the alleged breach occurred and (3) sought as an alternative to damages.  Therefore, pursuant to Federal Rule of Civil Procedure 56(f), the court ORDERS Promedev to show cause why the court should not grant summary judgment to Defendants on Promedev's breach of contract claim for failure to establish recoverable damages.  Promedev's response shall explain, with citations to supporting case law, why restitution of the September-December 2022 commission payments is available as an alternative remedy to damages for Defendants' alleged breach of contract.

Promedev's response may not exceed 2,500 words and shall be submitted to the court by no later than **12:00 p.m. PDT on April 16, 2024**. Defendants may file an optional reply brief not to exceed 1,500 words by no later than **5:00 p.m. on April 17, 2024**.

Dated this 12th day of April, 2024.

JAMES L. ROBART
United States District Judge