UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PROMEDEV, LLC,<br><br>               Plaintiff,<br>v.<br><br>ROBY WILSON, et al.,<br><br>               Defendants. | CASE NO. C22-1063JLR<br><br>ORDER |

On April 12, 2024, the court ordered Plaintiff / Counter-Defendant Promedev, LLC ("Promedev") to show cause why the court should not grant summary judgment on its breach of contract claim to Defendants / Counterclaimants Roby Wilson, MaXXiMedia Advertising Co. ("MaXXiMedia"), and Imagipix Corporation (collectively, "Defendants") for failure to establish recoverable damages.  (4/12/24 Order (Dkt. # 112).)  Promedev timely responded.  (4/16/24 OSC Resp. (Dkt. # 113).) Defendants filed an optional reply brief.  (Reply (Dkt. # 116).)  The court has considered the parties' submissions, the relevant portions of the record, and the governing law.

ORDER - 1

1  Being fully advised, the court GRANTS summary judgment to Defendants on
2  Promedev's breach of contract claim.
3      On April 5, 2024, Promedev informed the court that it had "elected to seek
4  restitution for the commission payments it made to Maxximedia for the months of
5  September-December 2022, totaling $200,000." (4/5/24 OSC Resp. at 4.)  The court was
6  "not convinced," however, that Promedev's election to seek restitution was "a valid
7  remedy for Defendants' alleged breach of contract." (4/12/24 Order at 2.)  The court
8  wrote that in its view, "Promedev's attempt to recoup commission payments it owed
9  under the Agreement and paid after MaXXiMedia's alleged breach does not . . . fit neatly
10 into any" category of restitution available as an alternative remedy for breach of contract.
11 (*Id.* at 2.)
12     The court was "unable to locate a single case in any jurisdiction in which a court
13 awarded the sort of restitution Promedev seeks" and, pursuant to Federal Rule of Civil
14 Procedure 56(f), ordered Promedev "to show cause why the court should not grant
15 summary judgment to Defendants on Promedev's breach of contract claim for failure to
16 establish recoverable damages." (*Id.* at 3.)  The court informed Promedev that its
17 "response shall explain, **with citations to supporting case law**, why restitution of the
18 September-December 2022 commission payments is available as an alternative remedy to
19 damages for Defendants' alleged breach of contract." (*Id.* (emphasis added).)  Promedev
20 has failed to do so. (*See generally* 4/16/24 OSC Resp.)
21     Promedev argues that it is entitled to performance-based damages but cites no case
22 in which a court in any jurisdiction approved the pursuit of such damages under even

arguably similar circumstances. (*See id.* at 2-3.) Instead, Promedev relies on excerpts from section 38 of the Restatement (Third) Restitution and Unjust Enrichment (Am. L. Inst. 2011) (discussing performance-based damages). (*See id.*) The court has reviewed section 38 and all illustrations therein, but no situation is analogous to the facts of this case in which Promedev seeks to recover funds it sent after MaXXiMedia's alleged breach as an alternative remedy for breach of contract. The court is therefore convinced that Promedev cannot establish a necessary element—damages—to support its breach of contract claim.

Pursuant to Rule 56(f), the court therefore GRANTS summary judgment to Defendants on Promedev's breach of contract claim and DISMISSES that claim with prejudice.

Dated this 18th day of April, 2024.

JAMES L. ROBART
United States District Judge