1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10

PROMEDEV, LLC,

CASE NO. C22-1063JLR

11

Plaintiff,

ORDER

v.

12

13

ROBY WILSON, et al.,

14

Defendants.

15

## I.     INTRODUCTION

16

Before the court are competing motions for attorneys' fees filed by Plaintiff

17

Promedev, LLC ("Promedev") and Defendants Roby Wilson, MaXXiMedia Advertising

18

Co. ("MaXXiMedia"), and Imagipix Corporation (together, "Defendants"). (Pl. Mot.

19

(Dkt. # 123); Defs. Mot. (Dkt. # 126); *see* Pl. Reply (Dkt. # 135); Defs. Reply (Dkt.

20

# 136).) Each side opposes the other side's motion. (*See* Pl. Resp. (Dkt. # 132); Defs.

21

Resp. (Dkt. # 129).) The court has considered the motions, the parties' submissions, the

22

1   relevant portions of the record, and the governing law.  Being fully advised,[1] the court

2   GRANTS in part and DENIES in part Promedev's motion and DENIES Defendants'

3   motion.

4   **II.   BACKGROUND**

5          The court set forth the factual background of this matter in detail in its April 1,

6   2024 order granting in part and denying in part the parties' motions for summary

7   judgment.  (4/1/24 Order (Dkt. # 93) at 2-7.)  The court assumes that the reader is

8   familiar with that order, and thus focuses here on the background relevant to the parties'

9   motions for attorneys' fees and costs.

10         This action arose from a July 2020 agreement (the "Agreement") between

11  Promedev and MaXXiMedia under which Promedev agreed to pay MaXXiMedia a

12  monthly commission in exchange for MaXXiMedia's advertising services.  (1/18/24

13  Wilson Decl. (Dkt. # 58) ¶ 8, Ex. A ("Agreement").)  The Agreement provides, in

14  relevant part, for an award of attorneys' fees and costs to the "prevailing party":

15         14.    Attorneys' Fees.  In the event that the services of an attorney are
            required or legal action is taken to enforce the terms of this Agreement by
16         either party, or to protect those rights provided by this contract or by law, the
            prevailing party shall be entitled to an award of actual attorney's fees, costs,
17         and expenses reasonably expended.

18  (Agreement ¶ 14.)

19

20

21         [1] Neither party requests oral argument (*see* Pl. Mot. at 1; Pl. Resp. at 1; Defs. Mot. at 1;
    Defs. Resp. at 1) and the court concludes that oral argument would not be helpful to its
22  disposition of these motions, *see* Local Rules W.D. Wash. LCR 7(b)(4).

ORDER - 2

1        On July 1, 2022, Promedev notified MaXXiMedia of its intent to terminate the

2   Agreement 60 days later, on August 31, 2022, consistent with paragraph 13 of the

3   Agreement.  (See 4/1/24 Order at 4 (discussing the termination of the Agreement).)

4   Promedev included with its notice a proposed termination agreement that would confirm

5   its remaining payment obligations and its right to ownership of "creative product"

6   produced during the term of the Agreement.  (See id.)  This triggered "a flurry of

7   correspondence from MaXXiMedia," including a "Notice of Breach of Contract" and

8   demands for additional payment of millions of dollars for "creative product," "work

9   product," a "lifetime non-compete and non-disparagement agreement," and

10  miscellaneous expenses, some of which predated the Agreement.  (See id. at 4-6.)

11       Promedev did not pay the additional amounts MaXXiMedia demanded.  (See id. at

12  6-7.)  It filed this case on July 29, 2022, while the issues of payment and creative product

13  ownership were still unresolved.  (See id. at 7; see also Compl. (Dkt. # 1).)  Promedev

14  alleged claims against Defendants for breach of contract, breach of the implied covenant

15  of good faith and fair dealing, breach of fiduciary duty, "civil coercion, extortion, and

16  blackmail," and a declaratory judgment determining:

17      a.   Promedev has complied with its obligations under, and is not in
             breach of, the Agreement.
18      b.   Promedev's obligations as it relates to commissions after August 31,
             2022.
19      c.   Promedev's obligations with regard to the Production Expenses not
             directly related to the production of specific commercials.
20      d.   Promedev has no obligation to pay for any Creative Product.
        e.   Promedev is the owner of all of the alleged Creative Product,
21           including all of its commercials and the elements of those
             commercials, and any copyright registrations filed by [Defendants]
22           are invalid and should be canceled.

ORDER - 3

f.    Promedev has not obligation to pay for any Work Product.
g.    Promedev has no obligation to pay for Non-Compete and/or Non-Disparagement.

(*See id.* ¶¶ 58-88.)  By September 2022, Promedev paid MaXXiMedia commissions owed through December 2022 and most of Mr. Wilson's invoiced expenses.  (*See* 4/1/24 Order at 6.)  It did not, however, pay the additional sums MaXXiMedia demanded for creative product, work product, or a non-compete/non-disparagement agreement.  (*See id.* at 6-7.)

On October 25, 2022, Defendants filed an answer and affirmative defenses, along with counterclaims on behalf of MaXXiMedia for breach of contract, breach of the implied covenant of good faith and fair dealing, copyright infringement, trade secret misappropriation in violation of state and federal law, violation of the Washington Consumer Protection Act ("WCPA"), and "fraudulent inducement and fraudulent misrepresentation."  (Ans. (Dkt. # 18) at 17-27, ¶¶ 22-55.)  MaXXiMedia amended its counterclaims on December 23, 2022, in response to Promedev's first motion to dismiss. (*See generally* 1st MTD (Dkt. # 23); Am. Counterclaims (Dkt. # 25).)

On March 2, 2023, the court granted in part and denied in part Promedev's renewed motion to dismiss certain of MaXXiMedia's counterclaims.  (3/2/23 Order (Dkt. # 40).)  In relevant part, the court dismissed MaXXiMedia's claims for violation of the WCPA and for fraudulent inducement and fraudulent misrepresentation, and denied Promedev's motions to dismiss MaXXiMedia's trade secret misappropriation claims and to strike MaXXiMedia's request for the remedy of disgorgement of profits.  (*See id.* at 22.)  MaXXiMedia did not further amend its counterclaims.  (*See generally* Dkt.)

ORDER - 4

1    Promedev filed an amended complaint on November 8, 2023.  (Am. Compl. (Dkt.

2    # 54); *see* 11/3/23 Order (Dkt. # 53) (granting Promedev's unopposed motion for leave to

3    amend).)  Promedev voluntarily dropped its breach of fiduciary duty claim and removed

4    Mr. Wilson's name from the heading of its breach of contract claim.  (*See* Am. Compl.

5    ¶¶ 64-85.)  It also made minor revisions to its declaratory judgment claim.  (*Compare id.*

6    ¶ 84, *with* Compl. ¶ 87.)

7    On January 18, 2024, Defendants moved for summary judgment on all of

8    Promedev's claims.  (Defs. MSJ (Dkt. # 56).)  Promedev filed its own motion for

9    summary judgment on all of MaXXiMedia's counterclaims on February 8, 2024.  (Pl.

10   MSJ (Dkt. # 72).)  Neither party moved for summary judgment on its own claims.  (*See*

11   *generally id.*; Defs. MSJ.)

12   On April 1, 2024, the court granted in part and denied in part each of the parties'

13   motions.  (*See generally* 4/1/24 Order.)  The court granted in part Promedev's motion for

14   summary judgment on MaXXiMedia's breach of contract counterclaim and granted in

15   full Promedev's motion for summary judgment on MaXXiMedia's counterclaims for

16   breach of the implied covenant of good faith and fair dealing, trade secret

17   misappropriation, and copyright infringement.  (*See id.* at 35.)  As a result, only

18   MaXXiMedia's counterclaim that Promedev breached the Agreement by disclosing

19   billing rates to third parties remained at play.  (*See id.*)  The court granted Defendants'

20   motion for summary judgment on Promedev's "civil coercion, extortion, or blackmail"

21   claim and denied their motion for summary judgment on Promedev's claims for breach of

22   contract and of the implied covenant of good faith and fair dealing.  (*Id.*)  The court also

1   ordered (1) Promedev to show cause why the court should not grant Defendants summary

2   judgment on its breach of contract claim for failure to identify the contract terms

3   Defendants allegedly breached and to show that the breach caused it harm and

4   (2) Defendants to show cause why the court should not impose Rule 11 sanctions for

5   maintaining a frivolous copyright infringement claim.  (*Id.*; *see also id.* at 21-22

6   (discussing Promedev's breach of contract claim), 24-28 (discussing Defendants'

7   copyright infringement claim).)

8        Promedev moved for reconsideration of the court's partial denial of its motion for

9   summary judgment on MaXXiMedia's breach of contract counterclaim, arguing that

10  MaXXiMedia had failed to identify any cognizable damages arising from any alleged

11  disclosure of billing rates.  (*See generally* MFR (Dkt. # 94); *see also* 4/4/24 Order (Dkt.

12  # 94) (ordering Defendants to respond with evidence of damages caused by Promedev's

13  alleged breach of confidentiality).)  After briefing on the orders to show cause and the

14  motion for reconsideration were complete, the court (1) ordered Defendants' attorneys to

15  pay a fine of $15,500 as Rule 11(b) sanctions for maintaining the copyright infringement

16  counterclaim; (2) granted Promedev's motion for reconsideration and dismissed

17  MaXXiMedia's breach of contract counterclaim with prejudice for failure to demonstrate

18  that it suffered damages; and (3) ordered Promedev to show cause why it should not grant

19  summary judgment in Defendants' favor on Promedev's breach of contract claim for

20  failure to establish recoverable damages.  (*See generally* 4/11/24 Order (Dkt. # 110);

21  4/12/24 MFR Order (Dkt. # 111); 4/12/24 OSC (Dkt. # 112).)  On April 18, 2024, the

22  court granted summary judgment in favor of Defendants on Promedev's breach of

1   contract claim.  (4/18/24 Order (Dkt. # 117).)  As a result, only Promedev's claims for

2   breach of the implied covenant of good faith and fair dealing and for declaratory

3   judgment remained for trial.

4        On April 19, 2024—less than three weeks before the May 7, 2024 trial date (*see*

5   2/12/24 Sched. Order (Dkt. # 80)), the parties moved for an order striking the remaining

6   pretrial deadlines and setting a schedule to resolve any remaining issues in the case (*see*

7   *generally* 4/19/23 Stip. (Dkt. # 118)).  The parties represented that they agreed that the

8   trial was "no longer necessary" and that "no appellate rights are waived by submission of

9   this stipulation." (*Id.* at 1.)  The court granted the motion and ordered the parties to file,

10  in accordance with their stipulation,

> a proposed judgment as to all claims, including the claims already resolved
> by the Court and Promedev's remaining claim for declaratory judgment
> (addressing, inter alia, ownership of the creative works and registered
> copyrights), and which shall be consistent with the Court's prior rulings.

(4/19/24 Order (Dkt. # 119) at 3.)  The parties filed their proposed judgment on April 26,

2024, along with a joint brief setting forth the parties' positions regarding the scope of the

creative product to which Promedev was entitled.  (*See* 4/26/24 Stip. (Dkt. # 121); *see*

*also* Prop. Judgment (Dkt. # 121-1) (highlighting the disputed language).)

       On May 30, 2024, the court adopted Promedev's proposed creative product

language and entered the parties' agreed judgment.  (Judgment (Dkt. # 134).)  Pursuant to

the parties' stipulation, the court entered judgment in favor of Promedev and against

Defendants on Promedev's declaratory judgment claim and MaXXiMedia's

counterclaims for breach of contract, breach of the implied duty of good faith and fair

1   dealing, copyright infringement, trade secret misappropriation, violation of the

2   Washington Consumer Protection Act, fraudulent inducement, and fraudulent

3   misappropriation.  (*Id.* at 1-2.)  The court also entered judgment, pursuant to the

4   stipulation, in favor of MaXXiMedia on Promedev's claims for breach of contract, breach

5   of the implied duty of good faith and fair dealing, and "civil coercion, extortion, and

6   blackmail."  (*Id.*)

7                          **III.    ANALYSIS**

8          Plaintiffs assert that they are entitled to an award of attorneys fees and costs as the

9   prevailing party on their contract-related claims pursuant to the Agreement and for

10  defending against MaXXiMedia's copyright infringement claims.  (*See generally* Pl.

11  Mot.)  Defendants assert that neither party prevailed on the contract claims or, in the

12  alternative, that they are the prevailing party.  (*See generally* Defs. Mot.)  Defendants

13  also oppose Plaintiffs' request for fees incurred in relation to MaXXiMedia's copyright

14  infringement claim.  For the reasons set forth below, the court concludes that Promedev is

15  entitled only to the attorneys' fees and costs it incurred as the prevailing party under the

16  Copyright Act.

17  **A.    Contractual Claims**

18         Promedev argues that it is the prevailing party under the Agreement, and is thus

19  entitled to attorneys' fees and costs, because it prevailed on its declaratory judgment

20  claim and thus achieved nearly all of its goals in this litigation.  (Pl. Mot. at 2, 3-4, 6-7.)

21  Defendants, meanwhile, contend that neither party is the prevailing party and, as a result,

22  each party should bear its own fees and costs.  (Defs. Resp. at 4-5; Defs. Mot. at 4-5.)  In

1   the alternative, Defendants argue that if the court deems any party to be the prevailing

2   party, it should be Defendants because Promedev paid the sums it owed under the

3   Agreement *after* it filed suit and eventually dropped its breach of contract claim against

4   Mr. Wilson.  (Defs. Mot. at 6-7.)

5        Paragraph 14 of the Agreement awards "the prevailing party . . . actual attorney's

6   fees, costs, and expenses reasonably expended" "to enforce the terms of th[e]

7   Agreement . . . or to protect those rights provided by [the Agreement] or by law."

8   (Agreement ¶ 14.)  The Agreement does not define "prevailing party."  (*See generally*

9   *id.*)  Under RCW 4.84.330,[2] however, "prevailing party" means "the party in whose favor

10  final judgment is rendered" and an award of fees to the prevailing party is mandatory,

11  with no discretion except as to the amount.  RCW 4.84.330; *Crest Inc. v. Costco*

12  *Wholesale Corp.*, 115 P.3d 349, 355 (Wash. Ct. App. 2005).  "When neither party wholly

13  prevails, the court should award fees to the substantially prevailing party, and the identity

14  of the substantially prevailing party depends on the extent of the relief afforded the

15  parties." *McLelland v. Paxton*, 453 P.3d 1, 23 (Wash. Ct. App. 2019).  If both parties

16  prevail on major issues, both parties bear their own costs and fees.  *Marassi v. Lau*, 859

17  P.2d 605, 607 (Wash. Ct. App. 1993), *abrogated on other grounds by Wachovia SBA*

18  *Lending, Inc. v. Kraft*, 200 P.3d 683, 687-88 (Wash. 2009).

19  //

20  //

21

22      [2] Although the Agreement is silent on the issue, the parties have agreed throughout this litigation that the Agreement (and thus its attorneys' fees provision) is governed by Washington law.  (*See* 4/1/24 Order at 9 (so noting).)

1       Here, the judgment awarded affirmative relief only to Promedev on its declaratory

2   judgment claim.  (*See* Judgment at 1-2.)  That judgment, however, was entered pursuant

3   to an agreement by the parties—it was not based on the court's conclusion that Promedev

4   prevailed on that claim.[3]  (*See* 4/19/24 Stip. at 1.)  The court determined only that

5   Promedev's claims for declaratory judgment and breach of the covenant of good faith and

6   fair dealing would be submitted to the jury at trial.  (*See supra* at 5-7.)  It was the parties

7   who decided that judgment should be entered in Promedev's favor on its declaratory

8   judgment claim and in MaXXiMedia's favor on Promedev's good faith and fair dealing

9   claim.  (*See* 4/19/24 Stip. at 2; *see also* Defs. Resp. at 5 (discussing the parties'

10   agreement).)  Meanwhile, the court granted both parties' motions for summary judgment

11   on the major issue of liability for breach of contract.  (*See supra* at 5-7.)  Thus, the court

12   agrees with Defendants that neither party is the "prevailing party" under the Agreement

13   and that each party should bear its own fees and costs.  *Marassi*, 859 P.2d at 607.

14       The court thus rejects Defendants' assertion that they are the prevailing party

15   because MaXXiMedia would have prevailed on its breach of contract counterclaim if

16   Promedev hadn't tendered payment after it filed suit and because Promedev amended its

17   complaint to remove Mr. Wilson from its own breach of contract claim.  (*See* Defs. Resp.

18   at 2-7; Defs. Mot. at 5-7.)  Because the court concluded on summary judgment that

19   Promedev had timely paid MaXXiMedia's commissions and expenses (*see* 4/1/24 Order

20   at 12-15, 17), Defendants' contention that they would have prevailed if only Promedev

21

22       [3] Indeed, neither party moved for summary judgment on the declaratory judgment claim. (*See* 4/1/24 Order at 9 n.4 (so observing).)

1    hadn't timely paid them is not convincing.  And although Promedev included Mr.

2    Wilson's name in the subheading for its breach of contract claim in its original complaint,

3    the allegations therein named only MaXXiMedia, and Promedev pursued discovery

4    related to the breach of contract claim from Mr. Wilson only in his capacity as

5    MaXXiMedia's corporate representative.  (*See* Pl. Resp. at 8-10; *see also* Compl.

6    ¶¶ 59-61 (making allegations only against MaXXiMedia); 5/24/24 Rainwater Decl. (Dkt.

7    # 138-1) ¶ 2, Ex. 1 (Dkt. # 133-1) at 402:2-7 (transcript of Mr. Wilson's deposition,

8    noting switch from questioning Mr. Wilson in his role as corporate representative to

9    questioning him personally about the extortion claim).)  Thus, the court awards neither

10   party prevailing party attorneys' fees and costs under the Agreement.

11   **B.    Copyright Infringement Claim**

12           Promedev also asserts that it is entitled, pursuant to the Copyright Act, 17 U.S.C.

13   § 505, to an award of the attorneys' fees and costs it incurred in defending against

14   MaXXiMedia's copyright infringement counterclaim.  (Pl. Mot. at 2, 7-8.)  That statute

15   empowers the court to exercise its discretion to award "full costs" and a "reasonable

16   attorney's fee" to the prevailing party in a copyright action.  17 U.S.C. § 505.  In

17   determining whether to award attorneys' fees under § 505, the court may consider—but is

18   not limited to—the following factors:  "(1) the degree of success obtained,

19   (2) frivolousness, (3) motivation, (4) [the] reasonableness of [the] losing party's legal and

20   factual arguments, and (5) the need to advance considerations of compensation and

21   deterrence."  *Shame On You Prods., Inc. v. Banks*, 893 F.3d 661, 666 (9th Cir. 2018)

22   (quoting *Wall Data Inc. v. L.A. Cnty. Sheriff's Dep't*, 447 F.3d 769, 787 (9th Cir. 2006)).

1  The court should "accord substantial weight to the fourth factor." *Id.* (citing *Kirtsaeng v.*

2  *John Wiley & Sons, Inc.*, 579 U.S. 197, 209 (2016)).

3        The court has already concluded that Defendants' continued assertion of

4  infringement of 124 unregistered copyrights through summary judgment amounted to

5  "bad faith litigation" (*see* 4/1/24 Order at 26-28); that their "tactics did not comply with

6  the law" (*see* 4/11/24 Order at 6-8); and that their "prolonged assertion" of the copyright

7  infringement claims resulted in "an extraordinary case involving conduct so egregious as

8  to necessitate sanctions" (*see id.*).  As a result, the court has no trouble finding that the

9  five factors listed above favor an award to Promedev pursuant to § 505.

10        Defendants argue that an award of fees is unwarranted where they had a "genuine

11  belief" that Promedev's post-filing but timely payment of the amounts it owed under the

12  Agreement "constituted unauthorized use of its creative works and infringement on those

13  works with copyright registrations." (Defs. Resp. at 8.)  Even if Defendants had such a

14  belief, the court cannot find that it was reasonable for them to pursue copyright

15  infringement claims based on 124 advertisements for which they did not even submit

16  registration applications.  (*See* 4/1/24 Order at 8 n.3.)  And contrary to Defendants'

17  assertion, copyright holders will not be "chill[ed]" from bringing infringement claims

18  based on appropriately registered copyrights by an award of fees in this "egregious" case.

19  (*See id.* at 8; Defs. Resp. at 9.)  Therefore, the court grants Promedev's motion for an

20  award of the attorneys' fees and costs it reasonably incurred in defending against

21  MaXXiMedia's copyright infringement counterclaim.

22

1    Promedev asks the court to order Defendants' attorneys to pay a portion of any

2    attorneys' fees award as an additional sanction for their conduct related to

3    MaXXiMedia's copyright infringement counterclaim pursuant to 28 U.S.C. § 1927.  (Pl.

4    Mot. at 8-10.)  The court, however, has already sanctioned Defendants' attorneys for

5    maintaining the copyright infringement counterclaim and deemed that sanction sufficient

6    and no greater than necessary to deter repetition of that conduct.  (*See generally* 4/11/24

7    Order.)  The court declines to impose further sanctions on Defendants' attorneys.

8  **C.    Fees and Costs**

9    Having determined that Promedev is entitled to attorneys' fees and costs

10   reasonably incurred in connection with defending against the copyright infringement

11   counterclaim, the court now turns to the issue of how to quantify those fees and costs.

12   1.    Fees

13   Promedev seeks a total award of $1,525,264.00 in attorneys' fees.  (Pl. Mot. at 10

14   (citing 5/9/24 Rainwater Decl. (Dkt. # 123) ¶ 10.)  The party seeking an award of

15   attorneys' fees bears the burden of demonstrating that the request is reasonable.  *See Scott*

16   *Fetzer Co. v. Weeks*, 859 P.2d 1210, 1216 (Wash. 1993).  To determine a reasonable fee,

17   the court begins by calculating the "lodestar," which equals the number of hours

18   reasonably expended on the litigation multiplied by a reasonable hourly rate.  *Mahler v.*

19   *Szucs*, 957 P.2d 632, 651 (Wash. 1998), *implied overruling on other grounds recognized*

20   *in Matsyuk v. State Farm Fire & Cas. Co.*, 272 P.3d 802 (Wash. 2012)).  The request

21   must be accompanied by contemporaneous records documenting the hours worked.  *Id*.

22   The documentation "need not be exhaustive or in minute detail," but it must inform the

1    court of the number of hours worked, the type of work performed, and the category of

2    attorney who performed the work. *Scott Fetzer Co.*, 859 P.2d at 1216 (quoting *Bowers v.*

3    *Transamerica Title Ins. Co.*, 675 P.2d 193, 203 (Wash. 1983)).

4         Because the court "must limit the lodestar to the hours reasonably expended," it

5    should "discount hours spent on unsuccessful claims, duplicated effort, or otherwise

6    unproductive time." *Bowers*, 675 P.2d at 203.  In general, if attorneys' fees "are

7    recoverable for only some of a party's claims, the award must properly reflect a

8    segregation of the time spent on issues for which fees are authorized from time spent on

9    other issues." *Boguch v. Landover Corp.*, 224 P.3d 795, 807 (Wash. Ct. App. 2009)

10   (quoting *Mayer v. City of Seattle*, 10 P.3d 408, 415 (Wash. Ct. App. 2000)).  The "court

11   need not segregate time, however, 'if it determines that the various claims in the litigation

12   are "so related that no reasonable segregation of successful and unsuccessful claims can

13   be made."'" *Id.* (quoting *Mayer*, 10 P.3d at 415).  "The court must also determine the

14   reasonableness of the hourly rate of counsel at the time the lawyer actually billed the

15   client for the services." *Mahler*, 957 P.2d at 651 (citing *Fisher Props., Inc. v.*

16   *Arden-Mayfair, Inc.*, 798 P.2d 799, 806-07 (Wash. 1990)).

17        First, Promedev seeks approval of hourly rates ranging from $850 per hour for

18   DLA Piper LLP partners Anthony Todaro and Michael Garfinkel to $180 per hour for

19   paralegal Robert McFadden.  (*See* Pl. Mot. at 10-11; 5/9/24 Rainwater Decl. ¶¶ 4-8, Exs.

20   A-E (attorney biographies); *see also id.* ¶ 9, Ex. F (spreadsheet of time billed in this

21   matter).)  Counsel asserts that these rates are lower than those they actually charged to

22   Promedev.  (5/9/24 Rainwater Decl. ¶ 10.)  Defendants do not oppose Promedev's

attorneys' billing rates (*see generally* Defs. Resp.) and the court finds that these rates are consistent with the rates charged in this District by attorneys of similar skill, experience, and reputation.  Thus, the court approves Promedev's attorneys' requested billing rates.

Second, Promedev seeks an award based on 2,183.3 hours of work performed in this matter.  (*See* 5/9/24 Rainwater Decl. ¶ 10.)  In reaching this total, Promedev excluded:

> (1) time spent on claims for which Promedev was not successful—including Promedev's claim for civil extortion, breach of contract, breach of the implied duty of good faith and fair dealing, and breach of fiduciary duty—to the extent such time can be reasonabl[y] segregated from other time spent pursuing or defending successful claims; (2) time [attorneys] spent getting caught up to speed in this case . . . ; (3) time that [Mr. Rainwater] was able to identify that is duplicative or unnecessary, as well as attorney travel time; (4) time spent on Promedev's unsuccessful motion to strike; [and] (5) time spent by non-litigation attorneys who advised Promedev and prior to Promedev hiring litigation counsel in response to Defendants' July 6, 2022 demand letter.

(5/9/24 Rainwater Decl. ¶ 9; *see id.*, Ex. F (striking time entries excluded from Promedev's fee request).)  In addition, Promedev excluded time spent briefing the court's order to show cause why it should not grant summary judgment in Defendants' favor on Promedev's breach of contract claim.  (*See* Pl. Mot. at 12-13.)

The court, however, limited Promedev's award to the fees it reasonably incurred in defending against MaXXiMedia's copyright infringement counterclaim pursuant to the Copyright Act.  (*See supra* at 11-12.)  Because Promedev has not segregated those fees from the fees incurred in relation to other claims, the court cannot determine an appropriate award based on the current record.  Therefore, the court ORDERS Promedev

1  to file an amended fee request based only on the fees it incurred in defending against the

2  copyright infringement counterclaim.

3      2.    Costs

4      Promedev also requests an award of $14,800.95 in costs, including its filing fee,

5  fees charged by court reporters and videographers, and transcript costs.  (*See* Pl. Mot. at

6  2, 10; 5/9/24 Rainwater Decl. ¶ 13, Ex. H (listing costs).)  The court, however, awarded

7  Promedev only the costs incurred in defending against MaXXiMedia's copyright

8  infringement counterclaim pursuant to the Copyright Act.  (*See supra* at 11-12.)

9  Accordingly, the court ORDERS Promedev to file an amended costs request that includes

10  only the costs it incurred in defending against that counterclaim.

## IV.    CONCLUSION

12      For the foregoing reasons, the court GRANTS in part and DENIES in part

13  Promedev's motion for attorneys' fees (Dkt. # 123) and DENIES Defendants' motion for

14  attorneys' fees (Dkt. # 126).  The court ORDERS Promedev to file, by no later than **June**

15  **28, 2024**, an amended request that includes only the fees and costs it reasonably incurred

16  in defending against MaXXiMedia's copyright infringement counterclaim.  Defendants

17  may file an optional response to Promedev's amended request by no later than **July 8,**

18  **2024**.

19      Dated this 18th day of June, 2024.

20

21  JAMES L. ROBART
   United States District Judge

22