UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PROMEDEV, LLC,<br><br>               Plaintiff,<br><br>    v.<br><br>ROBY WILSON, et al.,<br><br>               Defendants. | CASE NO. C22-1063JLR<br><br>ORDER |

## I.    INTRODUCTION

Before the court is Plaintiff Promedev, LLC's ("Promedev") amended motion for attorneys' fees and costs. (Mot. (Dkt. # 141).) Defendant MaXXiMedia Advertising Co. ("MaXXiMedia") opposes the motion. (Resp. (Dkt. # 144).) The court has considered the parties' submissions, the relevant portions of the record, and the applicable law.

//

//

//

ORDER - 1

Being fully advised,[1] the court GRANTS in part Promedev's amended request for attorneys' fees and costs.

## II. BACKGROUND

The court assumes the reader is familiar with its April 1, 2024 summary judgment order (4/1/24 Order (Dkt. # 93)), April 11, 2024 Order issuing Rule 11 sanctions against Defendants' attorneys (4/11/24 Order (Dkt. # 110)), and June 18, 2024 order granting in part and denying in part Promedev's initial motion for attorneys' fees and costs (6/18/24 Order (Dkt. # 139)). In the June 18 order, the court "determined that Promedev is entitled to attorneys' fees and costs reasonably incurred in connection with defending against [MaXXiMedia's] copyright infringement counterclaim" (the "Copyright Claim"). (6/18/24 Order at 13.) Although the court approved Promedev's hourly rates, which ranged from $180 to $850 per hour, the court declined to issue an award because Promedev had not segregated the fees and costs incurred in connection with the Copyright Claim from those incurred in relation to other claims. (*Id.* at 14-15.) The court ordered Promedev to file an amended motion that included only the fees and costs it reasonably incurred in defending against the Copyright Claim. (*Id.* at 16.)

Promedev now purports to have "segregated its time spent on the Copyright Claim, resulting in an amended request for $658,940.20 in fees and $7,580.78 in costs." (Mot. at 1.) Promedev states that it has (1) "removed additional time from its time entries

//

---

[1] Neither party requests oral argument (*see* Mot. at 1; Resp. at 1), and the court concludes that oral argument would not aid in its disposition of Promedev's motion, *see* Local Rules W.D. Wash. LCR 7(b)(4).

for activities relating to the non-copyright claims"; (2) "reviewed all of the transcripts from the depositions taken in this case and identified the pages of those transcripts that relate to the Copyright Claim (*i.e.*, questions that would have been asked even if the Copyright Claim was the sole claim in this case)"; and (3) "used the average total percentage (51.44%) of pages relating to the Copyright [C]laim for all depositions as a general metric, and applied that percentage to all remaining non-excluded time entries, using that percentage as an estimate for the amount of time Promedev would have incurred defending the Copyright [C]laim alone." (*Id.* at 1-2.) Promedev argues that this is a "conservative estimate of the time spent defending the Copyright Claim because many of these remaining tasks relate exclusively to the Copyright Claim." (*See id.* at 2.) As a result, because Promedev did not expressly identify the time entries related to the Copyright Claim, it has applied 48.56 percent discount to all of its remaining time entries, including those relating exclusively to the Copyright Claim. In response, MaXXiMedia asks the court to reduce the fee amount Promedev seeks in its amended motion.

### III. ANALYSIS

**A.     Legal Standard**

To determine whether counsel's requested fees are reasonable, the court applies the "lodestar" method. *See Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008). The court calculates the lodestar by multiplying "the number of hours . . . reasonably expended on the litigation by a reasonable hourly rate." *Id.* (quoting *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 n.4 (9th Cir. 2001)). Although the resulting figure is presumptively reasonable, the court may adjust the lodestar figure up or down

based on additional factors that were not already subsumed in the initial lodestar calculation. *Id.* at 982. These factors, known as the "*Kerr* factors," are:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

*Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975); *see also Cairns v. Franklin Mint Co.*, 292 F.3d 1139, 1158 (9th Cir. 2002) (noting that the court need not consider the *Kerr* factors unless necessary to support the reasonableness of the award).

Because the court has already approved Promedev's requested billing rates (*see* 6/18/24 Order at 14-15), it must now determine the number of hours Promedev reasonably expended on MaXXiMedia's Copyright Claim. "The fee applicant bears the burden of documenting the appropriate hours expended in the litigation and must submit evidence in support of those hours worked." *United States v. $28,000.00 in U.S. Currency*, 802 F.3d 1100, 1107 (9th Cir. 2015) (quoting *Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1992)). A fee applicant who prevailed on some, but not all, claims "bears the burden of segregating her attorneys' fees between the successful claim and the unrelated, unsuccessful claims." *Melland v. Cornerstone Dental,* PC, 691 F. App'x 354, 354 (9th Cir. 2017). The hours claimed may be reduced by the court if the "documentation of the hours is inadequate"; "the case was overstaffed and hours are duplicated"; or "the hours expended are deemed excessive or otherwise unnecessary." *Chalmers v. City of Los*

1 *Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986); *see also Klein v. Kim*, No. C20-1628BJR, 2023 WL 2017978, at *2 (W.D. Wash. Feb. 15, 2023) ("Plaintiffs are not entitled to a generous assumption with respect to ambiguities that their lack of diligence created."). Where "an 'hour-by-hour analysis' is impractical," "the court may make 'across-the-board percentage cuts either in the number of hours claimed or in the final lodestar figure' to exclude non-compensable hours in the application." *Black Lives Matter Seattle-King Cnty. v. City of Seattle*, 516 F. Supp. 3d 1202, 1214 (W.D. Wash. 2021 (quoting *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1203 (9th Cir. 2013)); *see also Gates*, 987 F.2d at 1399 (noting that the court has the "authority to make across-the-board percentage cuts either in the number of hours claimed or in the final lodestar figure 'as a practical means of trimming the fat from a fee application.'" (quoting *N.Y. State Ass'n for Retarded Child. v. Carey*, 711 F.2d 1136, 1146 (2d Cir. 1983))).

**B.  Reasonable Hours Expended**

Promedev initially requested fees for 2,183.30 hours of work. (*See* 6/28/24 Rainwater Decl. (Dkt. # 142) ¶ 2, Ex. 1 ("Time Entries") at 50.) After the court directed Promedev to segregate the fees it incurred in defending against the Copyright Claim (*see* 6/18/24 Order at 15), Promedev shaved off 367.70 hours for "tasks relating to the non-copyright claims," resulting in a revised total of 1,815.60 hours of work. (Mot. at 2-3; *see* Time Entries at 50.) Promedev then applied a 48.56 percent cut to those hours to estimate how much time "would have been" expended even if MaXXiMedia's copyright claim was the sole claim in this case. (Mot. at 2.) Applying Promedev's percentage cut

//

ORDER - 5

to the number of hours requested results in a total request of $658,940.20 for 933.94 hours of work.

The court concludes that Promedev's requested number of hours is too high for three reasons: (1) Promedev seeks reimbursement for hours worked before MaXXiMedia filed the Copyright Claim; (2) Promedev has not adequately segregated the hours worked on the Copyright Claim; and (3) the percent of time Promedev attributes to the Copyright Claim is excessive. Below, the court articulates its concerns and determines a reasonable award.

First, Promedev is not entitled to recover fees incurred before MaXXiMedia filed the Copyright Claim. MaXXiMedia did not file the Copyright Claim until October 25, 2022 (*see* 1st Answer (Dkt. # 18) at 23), and the court declines to award Promedev any fees incurred before that date (*see* Time Entries at 1-7). The court therefore subtracts 108.3 hours from Promedev's revised total of 1,815.60 hours, resulting in a baseline total of 1,707.3 hours.

Second, the court concludes that Promedev has not sufficiently segregated the hours worked on the Copyright Claim. Of the 1,707.3 hours the court now considers, only 65.9 hours' worth of time entries even mention "copyright." (*See generally* Time Entries.) Of course, summarizing these time entries does not present a complete picture of how much time Promedev's attorneys spent addressing the Copyright Claim. For example, Mr. Todaro's November 10, 2023 entry of 6.7 hours for "Deposition of Robert Wagner" (Time Entries at 36) does not reflect that a portion of that deposition was spent addressing topics related to the Copyright Claim (*see* 7/8/24 Dudin Decl. (Dkt. # 145) at

4 (breaking down Mr. Wagner's deposition by topic)).  Although there is no perfect means of segregating work that was necessary to defend against the Copyright Claim from other work, the burden was on Promedev to reasonably articulate the number of hours expended on that claim, and it has not adequately done so.  Notably, Promedev does not argue that the Copyright Claim is inextricably intertwined with any of the claims Promedev asserted in this action.  (*See generally* Mot.)  Instead, it argues that certain fees are appropriate to compensate for work that "would have been [done]" even if the Copyright Claim was the sole claim in this case.  (*Id.* at 5.)  "[M]ere common issues of fact," however, "are insufficient to award all fees when the legal theories do not overlap or are not inextricably intertwined."  *Kearney v. Foley & Lardner*, 553 F. Supp. 2d 1178, 1184 (S.D. Cal. 2008).  The court acknowledges that there may be overlap between the copyright claim and others, such as MaXXiMedia's breach of contract claim (*see* Mot. at 3), but Promedev is not entitled to the "generous assumption" that its defense of one of MaXXiMedia's six counterclaims required its attorneys to invest the substantial number of hours for which it now seeks reimbursement, *see Klein*, 2023 WL 2017978, at *2.

        This leads to the court's third concern, which is that Promedev's request is excessive because it suggests too low of a percentage cut to the baseline number of hours worked.  Although it is not practical for the court to individually review nearly 1,000 time entries spanning several years, the court concludes that Promedev's suggested percentage cut of 48.56 is too small and would overcompensate Promedev.  The court acknowledges that there may be some overlap between Promedev's defense of MaXXiMedia's breach of contract claim and Copyright Claim, but there are many claims

that do not seem to overlap with copyright infringement at all, such as MaXXiMedia's claim for trade secret misappropriation or Promedev's claim for extortion. In light of the uncertainties surrounding the time spent on the Copyright Claim, the court will apply a 65 percent cut to the 1,707.3 hour baseline to reach a reasonable figure. The court will therefore award Promedev its fees for 597.6 hours of attorney work. Applying Promedev's blended average of $705.55 per hour of work performed (*see* Time Entries at 50), to the 597.6 hours of work results in a total fee award of **$421,636.68**. The court need not adjust that amount further using the *Kerr* factors because those factors have already been subsumed in the calculations discussed above. *See Cairns*, 292 F.3d at 1158.

For the reasons set forth above, the court also applies a 65 percent cut to the total amount of costs Promedev incurred after October 25, 2022. The resulting amount is **$4,601.15**. (*See* 6/28/24 Rainwater Decl. ¶ 15, Ex. 2.) Altogether, the court awards Promedev $426,237.83 in reasonable attorneys' fees and costs.

## IV.   CONCLUSION

For the foregoing reasons, the court GRANTS in part Promedev's motion for attorneys' fees and costs (Dkt. # 141) and AWARDS Promedev $421,636.68 in attorneys' fees and $4,601.15 in costs.

Dated this 20th day of August, 2024.

JAMES L. ROBART
United States District Judge