THE HONORABLE JAMES L. ROBART

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PROMEDEV, LLC dba RELIEF FACTOR<br><br>Plaintiff,<br><br>v.<br><br>ROBY WILSON (individual) and MAXXIMEDIA ADVERTISING CO; and IMAGIPIX CORPORATION.<br><br>Defendants. | Case No. 2:22-CV-01063-JLR<br><br>**PROMEDEV'S REPLY IN SUPPORT OF MOTION TO COMPEL POST-JUDGMENT DISCOVERY**<br><br>**NOTE ON MOTION CALENDAR:**<br>**March 24, 2025** |

"I am a party in the above-entitled action."[1]

**A.    Mr. Wilson remains a party to this lawsuit and subject to the Court's jurisdiction.**

Mr. Wilson does not dispute that the discovery Promedev seeks is relevant to Promedev's post-judgment enforcement efforts. He does not deny that he has transferred hundreds of thousands of dollars from MaXXiMedia's bank account to himself since the commencement of this lawsuit. He also does not deny that he waived any objections to such discovery by failing to respond to it. Instead, his sole argument is that this Court lacks jurisdiction over him, on the grounds that "[a]ll claims against Mr. Wilson individually were dismissed on summary judgment" (Dkt. # 172, Opp. at 6:23–24), that he is a "non-party to the judgment" (*id.* at 6:7), and that he is "no longer a party in this suit" (*id.* at 6:7–8). Each of those statements are false.

---

[1] Roby Wilson Declaration in support of Defendants' Opposition to Motion to Enforce Judgment, dated October 9, 2024, Dkt. # 154.

PROMEDEV'S REPLY IN SUPPORT OF
MOTION TO COMPEL - 1
CASE NO. 2:22-CV-01063-JLR

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA 98104-7029 | Tel: 206.839.4800

First, Promedev's declaratory judgment claim against Mr. Wilson was *not* dismissed on summary judgment. As Mr. Wilson acknowledges, Promedev sought "Declaratory Judgment against Roby Wilson, MaXXiMedia and Imagipix." *Id.* at 2:1–2. Each of Promedev's claims against Mr. Wilson were brought against him in his "individual" capacity. *See* Dkt. # 54, Am. Compl. at 1 ("Plaintiff Promedev, LLC d/b/a 'Relief Factor' ('Plaintiff' or 'Promedev') brings this action against Defendants Roby Wilson ('Wilson'), *an individual* . . . .") (emphasis added).[2]

There is also no dispute that Promedev's declaratory judgment claim against Mr. Wilson survived dismissal, and that the Court expressly declined to rule on Promedev's declaratory judgment claim in its Order on summary judgment. *See* Dkt. # 93 n.4.

Second, Mr. Wilson is a party to both the original and amended Judgment, which state: "Judgment is entered in favor of [Promedev] and against Defendants / Counterclaimants Roby Wilson . . . on Promedev's claim for declaratory judgment, as follows . . . ." Dkt. # 134 ¶ 1; Dkt. # 160 ¶ 1. Mr. Wilson's status as a party to the judgment was not perfunctory. Rather, he and the other Defendants were required to turn over all Creative Product to Promedev. *See* Dkt. # 134 ¶ 1(b) ("To the extent that they have not already done so, Defendants shall turn over all Creative Product to Promedev by no later than Friday, June 28, 2024."). *See also* Dkt. 160 ¶ 1(b) (same).

Mr. Wilson even concedes this at one point in his Opposition. *See* Dkt. # 172, Opp. at 2:17–19 ("Declaratory Judgment was entered on May 30, 2024, with only one part of the declaratory judgment entered against all three Defendants, Roby Wilson, MaXXiMedia, and Imagipix . . . ."). His assertion to the contrary, in the very same Opposition—that he is a "non-party to the judgment"—is therefore baffling.

---

[2] Promedev declaratory judgment claim sought a declaration of the ownership of the creative product. *See* Dkt. # 54, Am. Compl. ¶ 84(e). Promedev brought this claim in response to Mr. Wilson's assertion that he alone authored and owned the ads at issue. *See*, *e.g.*, Dkt. 66-5 at 20 (July 21, 2022 pre-lawsuit email from Mr. Wilson's attorney asserting: "[t]he published 'creative product' all originated with Roby Wilson. What do you not understand about that? Roby Wilson IS the CREATIVE. He is the writer, creator, the producer, the director. It is a unique piece of work that he created himself with the necessary tools at his disposal.").

PROMEDEV'S REPLY IN SUPPORT OF
MOTION TO COMPEL - 2
CASE NO. 2:22-CV-01063-JLR

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA 98104-7029 | Tel: 206.839.4800

<u>Third</u>, Mr. Wilson remains a party to this lawsuit post-judgment. Indeed, Mr. Wilson and MaXXiMedia were the subject of Promedev's Motion to Enforce and Amend Judgment, based on evidence that Mr. Wilson and MaXXiMedia had not turned over all creative product in their possession.[3] Dkt. # 148. Mr. Wilson, in opposing that motion, filed a declaration describing his efforts to collect and turn over the creative product to Promedev. *See* Dkt. # 154 ¶ 8 ("I have provided to Promedev all of the creative work/footage I have created for Promedev . . . ."). Mr. Wilson's declaration also acknowledged that he remains a party to this lawsuit: "***I am a party in the above-entitled action***." *Id.* ¶ 1 (emphasis added).

Mr. Wilson nevertheless argues that he is no longer a party because "There are no claims pending against Roby Wilson, no money judgment entered against Roby Wilson, and no issues relating to Roby Wilson on appeal." Dkt. # 172 at 2:27–1. But Mr. Wilson did not cease to be a party after judgment was rendered against him. Rather, "Our legal system instructs that a party remains a party even after litigation ends*." United States ex rel. Bennett v. Biotronik, Inc.*, 876 F.3d 1011, 1017 (9th Cir. 2017). *See also Hook v. State of Ariz., Dep't of Corr.*, 972 F.2d 1012, 1014 (9th Cir. 1992) ("A district court retains jurisdiction to enforce its judgments, including consent decrees.").

None of the cases cited by Mr. Wilson hold to the contrary. Instead, they address situations where, unlike here, *all* claims against a defendant had been dismissed. *See* Dkt. 172 at 6–7, citing *Langworthy v. Lev*, 2024 WL 3402515, at *1 (W.D. Wash. June 26, 2024) ("Plaintiff voluntarily dismissed her case pursuant to Rule 41(a)(1)(A)(i), and Judge King correctly denied Plaintiff's motion to reopen her case because the Court lacked jurisdiction over Plaintiff's dismissed claims."); *El Salto, S. A. v. PSG Co.,* 444 F.2d 477, 484 (9th Cir. 1971) ("[S]ince he was not a party after El Salto's claims against him in his individual capacity had been dismissed, the notice sent to him was insufficient to compel his attendance as an individual.").

---

[3] The parties, including Mr. Wilson, later stipulated to Promedev striking its motion based on certain materials that Mr. Wilson and Maxximedia transferred to Promedev, but expressly agreed that such stipulation was "without prejudice to Promedev renewing its Motion or seeking related relief in the future." Dkt. # 165 at 1.

PROMEDEV'S REPLY IN SUPPORT OF
MOTION TO COMPEL - 3
CASE NO. 2:22-CV-01063-JLR

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA  98104-7029 | Tel: 206.839.4800

1    Mr. Wilson therefore remains a party subject to this Court's jurisdiction. He has also waived any objections to Promedev's requests, and should be compelled to respond to those requests without further delay.

**B.     Promedev's Motion against MaXXiMedia is not premature.**

MaXXiMedia argues that Promedev's Motion is "premature" because MaXXiMedia has provided some of the requested discovery, and promised to provide more in the future. This argument fails for two reasons.

<u>First</u>, MaXXiMedia has *not* provided, let alone agreed to provide, any explanation for the hundreds of thousands of dollars Mr. Wilson transferred from MaXXiMedia's bank account to his personal bank account. Interrogatory Nos. 3 and 4 seek information regarding transfers of over $500 that MaXXiMedia has made or received since 2022, and identification of any documents relating to such transfers. Dkt. # 171-1. MaXXiMedia does not dispute that its bank statements reflect these massive asset transfers to Mr. Wilson, but refuses to provide *any* description or documentation substantiating the basis for those transfers.

Leading up to this Motion, Promedev repeatedly asked MaXXiMedia to confirm that it would supplement its answers to provide such explanations and corresponding documents. *See* Dkt. 171-5 at 5 (February 26, 2025 email asking MaXXiMedia to confirm it would explain the purpose of the "electronic transfers, and any other documents reflecting the purpose of the payment . . . To the extent documents do not exist that identify all such transfers and explain their purpose, please confirm you will be providing this information in response to Interrogatory Nos. 3 and 4."); *see also id.* at 2 (February 27 email asking MaXXiMedia to "provide a description of the business purpose of each such transfer, as well as the send[er] and recipient to the extent not apparent from the bank statements."). MaXXiMedia refused to agree, and its supplemental answers likewise fail to provide any such descriptions or identify any such documents. Promedev's Motion is therefore not "premature."

PROMEDEV'S REPLY IN SUPPORT OF
MOTION TO COMPEL - 4
CASE NO. 2:22-CV-01063-JLR

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA 98104-7029 | Tel: 206.839.4800

1    <u>Second</u>, MaXXiMedia and its counsel have not kept their word. They requested an extension to respond to Promedev's discovery, which Promedev agreed to on the condition that "Roby and MaXXiMedia would be provid[ing] substantive responses and answers (rather than blanket objections)[.]" Dkt. # 171-3 at 3. MaXXiMedia and its counsel agreed to these terms and promised: "We are working with our client to gather further information and documents in order to provide our formal responses." *Id.* at 2.

That was false. Not only did Mr. Wilson fail to respond to the discovery, but MaXXiMedia's document production consisted ***entirely*** of documents that MaXXiMedia had ***already*** produced in discovery nearly a year ago. Dkt. 171, Rainwater Decl. ¶ 4. MaXXiMedia's decision to re-produce these documents, rather than simply cite to the previously-produced documents, suggests it was trying to dupe Promedev into thinking these were new documents responsive to Promedev's requests.

Only after Promedev called MaXXiMedia out for its duplicitous production did MaXXiMedia finally produce some additional bank statements. Even still, MaXXiMedia's production contains improper non-privileged redactions, which MaXXiMedia refuses to remove, despite the entry of a Stipulated Protective Order in this case. Dkt. 171, Rainwater Decl. ¶ 7. MaXXiMedia likewise refuses to remove its "Attorneys' Eyes Only" designation for its bank statements, and offers no argument in its Opposition that such bank statements qualify as trade secrets, which is the only category of documents for which an Attorneys' Eyes Only designation is permitted. *See* Dkt. # 38 ¶ 3.

MaXXiMedia's other excuses ring hollow as well. For example, MaXXiMedia asserts that "At the time of production, MaXXiMedia did not have copies of the checks referenced by check number and amount in the bank statements." Dkt. 172 at 5:19–21. That does not appear to be true. As Promedev's counsel explained to MaXXiMedia's counsel: "Wells Fargo's FAQ on check images confirms that any account holder can 'Sign on to Wells Fargo Online® and go to Account Activity. Click the check icon next to the check you would like to see.' The FAQ confirms that

PROMEDEV'S REPLY IN SUPPORT OF
MOTION TO COMPEL - 5
CASE NO. 2:22-CV-01063-JLR

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA  98104-7029 | Tel: 206.839.4800

1 images of both the front and back of checks are viewable." Dkt. 172-7 at 1. Promedev's counsel
2 therefore asked: "Regarding check images, what is your basis for saying that these are not readily
3 available?" *Id.* MaXXiMedia's counsel never responded to this question, has never explained why
4 MaXXiMedia cannot simply download the check images from its Wells Fargo online bank
5 account. MaXXiMedia also concedes that it has still not produced all of the check images. Dkt.
6 172 at 9:1–3.

7 **C.     Sanctions against Mr. Wilson and his counsel are warranted.**

8 Mr. Wilson's refusal to respond to Promedev's discovery, based on his belated argument
9 that he is no longer a party to this lawsuit, warrants sanctions. Mr. Wilson's position might have
10 been understandable—albeit incorrect—if he had objected immediately after receiving
11 Promedev's discovery. At a minimum, Mr. Wilson should have objected within the 30-day
12 deadline to respond to Promedev's discovery.  But that's not what he and his counsel did. Instead,
13 they asked for an *extension* to respond to the discovery, and then *agreed* to provide substantive
14 responses to such discovery in exchange for that extension. After taking advantage of Promedev's
15 courtesy—and waiting more than six weeks after receiving the discovery requests—they broke
16 their word and asserted for the first time that Court lacks jurisdiction. That is bad faith. Promedev
17 therefore respectfully requests that the Court order Mr. Wilson and his counsel to pay Promedev's
18 reasonable attorneys' fees and costs incurred in bringing this motion.

PROMEDEV'S REPLY IN SUPPORT OF
MOTION TO COMPEL - 6
CASE NO. 2:22-CV-01063-JLR

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA  98104-7029 | Tel: 206.839.4800

Dated this 24th day of March, 2025.

DLA PIPER LLP (US)

*/s/ Austin Rainwater*
Anthony Todaro, WSBA No. 30391
*s/ Anthony Todaro*
Austin Rainwater, WSBA No. 41904
701 Fifth Avenue, Suite 6900
Seattle, Washington 98104-7029
Tel:    (206) 839-4800
Fax:    (206) 839-4801
E-mail: anthony.todaro@us.dlapiper.com
E-mail: austin.rainwater@us.dlapiper.com

*Attorneys for Plaintiff*
*Promedev LLC dba Relief Factor*

*I certify that this memorandum contains 1,900 words in compliance with Local Civil Rule 7(e)(3).*

PROMEDEV'S REPLY IN SUPPORT OF
MOTION TO COMPEL - 7
CASE NO. 2:22-CV-01063-JLR

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA  98104-7029 | Tel: 206.839.4800

## CERTIFICATE OF SERVICE

I hereby certify that on March 24, 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all parties or their counsel of record.

Dated this 24th day of March, 2025.

*s/ Jacey Bittle*
Jacey Bittle, Legal Executive Assistant

PROMEDEV'S REPLY IN SUPPORT OF
MOTION TO COMPEL - 8
CASE NO. 2:22-CV-01063-JLR

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA  98104-7029 | Tel: 206.839.4800